Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
Telephone: (208) 724-2617
Facsimile: (208) 906-8663
chd@fergusondurham.com
ISB No. 6428

Attorney for Defendant Moore

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>v.<br><br>MICHAL ALAN MOORE,<br>　　　　　Defendant. | Case No. 1:19-CR-00401-BLW<br><br>**DEFENDANT'S SENTENCING MEMORANDUM ON REVOCATION** |

**THE PARTIES' AGREEMENT**

The parties have reached an agreement and a proposed disposition in this revocation proceeding. Per the agreement, Mr. Moore will admit to violations (1) and

1

(5) in the Amended Petition. Dkt. 43. In exchange, the Government will dismiss violations (2), (3), and (4).

The parties have further agreed to recommend to the Court that Mr. Moore's probation be revoked, that he be sentenced to time served, and that supervision be terminated. Mr. Moore has contacted Probation Officer Baker, who has also agreed that this is an appropriate disposition in this case. *See* Dkt. 48.

## BACKGROUND

In November of 2019, while under the influence of methamphetamine, Michal Moore took a mail tub from the Imperial Plaza Condominiums in downtown Boise and walked away with it. PSR ¶ 6. Shirtless, he carried the tub to a nearby doctor's office where he interacted with office personnel. *Id*. He did not have an appointment and was not making sense. *Id*. Boise Police arrived and arrested him. *Id*. at ¶ 7. The government indicted him on two felony counts, theft of mail and possession of stolen mail, and state charges based on the incident were dismissed. PSR ¶ 16.

After five days in jail, Mr. Moore was released pending trial. Dkt. 7. He had no problems on pretrial release supervision, which included random drug tests. PSR, ¶ 4. Eventually, the parties reached a plea agreement, and Mr. Moore pled guilty to an amended misdemeanor charge of interfering with the mail. Dkt. 22. On October 20, 2020, Judge Bush sentenced him to 22 months on probation and a $500 fine. Dkt. 30.

Mr. Moore initially did well on supervision. Dkt. 48, p. 1. He lived with his wife and their two small daughters in a trailer. *See* Ex. A, Letter of Michal Moore. He avoided a relapse during the first part of his term. *Id*. He continued to hold a full-time job as an iron and rebar worker at various job sites around the area. *See* Ex. B, Declaration of Brian Spencer. It is true that he missed several random drug tests, but for most of those he was on a job site and could not readily leave.

Things started to deteriorate after he and his wife were evicted from their trailer. Ex. A. They had been arguing frequently as a result of the stress of raising two small children in close quarters. *Id*. Then, they suddenly found themselves homeless. *Id*. Mr. Moore moved in with his mother, and his wife moved in with her father. *Id*. They remain on good terms, and he sees his daughters every day, but they do not live together. *Id*.

In early 2022, Mr. Moore admitted to his probation officer that he had used alcohol and marijuana. Dkt. 43. Those facts form violations (1) and (5) in the Amended Petition. *Id*.

A month before his probation was set to expire, Mr. Moore's probation officer filed a petition seeking revocation. Dkt. 36. Mr. Moore was arrested on July 27 and has been in custody since then. Dkt. 36.

**LEGAL STANDARDS**

The Court has several options available to it. One is to revoke Mr. Moore's probation and then resentence him, which includes either putting him back on probation or sentencing him to jail time. 18 U.S.C. § 3565(a)(2). The maximum term for a Class B misdemeanor is 180 days in jail. 18 U.S.C. § 3581(b)(7). Because the crime is a misdemeanor, the United States Sentencing Guidelines are not applicable. U.S.S.G. § 1B1.9.

Should the Court revoke probation and resentence Mr. More, it must consider the goals of sentencing under 18 U.S.C. § 3553(a). The sentence must reflect the seriousness of the offense, promote respect for the law, and provide for a just punishment. *Id*. It should deter criminal conduct, protect the public from further crimes of the defendant, and, if warranted, provide the defendant with needed rehabilitative training or care. *Id*. In making its assessment, the Court must consider the defendant's individual circumstances as well as the circumstances of his crime. 18 U.S.C. § 3553(a)(1).

**DISCUSSION**

The parties' joint recommendation of revoking probation, imposing a sentence of time served, and then terminating supervision is sufficient but not greater than necessary to meet the goals of sentencing under § 3553(a). According to counsel's calculations, by September 1 Mr. Moore will have approximately 41 days in jail for this

4

offense (5 days from his initial arrest plus 36 days since his arrest on the PV). Forty-one days in jail is a just punishment for the charge of interfering with the mail, which carries a maximum of 180 days, and for Mr. Moore's probation violation.

The original offense was not an aggravated one. Mr. Moore did not intend to steal the mail. He did not intend to harm anyone. Instead, he was struggling after a methamphetamine relapse. He was under the influence and essentially incoherent when he committed the crime. He was quickly arrested near the mail tub.

He did well on supervision for well over a year, but he started to struggle after he experienced significant stressors in his personal life. He has admitted to using alcohol and marijuana. There is no evidence that he relapsed into harder drugs. He has a strong work ethic and has maintained employment as a union ironworker. He is good at his job and hasn't caused any problems at the work site.

Additional jail time is not warranted to meet the goals of sentencing. Mr. Moore is chastened by the "shock time" that he has now served. He has been unable to work, and his boss needs him back on the job site. His two young daughters also need their father to work and support them. His time in jail has been an effective sanction, jolting him into compliance. Over a month in jail on a charge of interference with the mail is a deterrent to others who may engage in a similar offense. A longer jail sentence would be counterproductive and could negatively impact his family and his employer.

Similarly, there is no need to extend the term of supervision. Mr. Moore was almost done with probation, completing 21 of the 22 months that Judge Bush ordered, when he was arrested on this PV. Granted, after a period of good conduct he stumbled, but he did not commit a new offense or otherwise go off the rails. It is not unusual even in felony cases to terminate supervision after a defendant has violated and served some additional jail time. That should hold true here.

Mr. Moore is a hardworking individual with a family that relies on his support. He is not a danger to the community. He understands that he needs to continue to be vigilant in his sobriety. The Government, Probation Officer Baker, and Mr. Moore all agree that termination of supervision is appropriate.

Submitted on this 26th day of August 2022.

/s/ Craig H. Durham

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 26, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Erin C. Blackadar
    Erin.blackadar@usdoj.gov
    Attorney for the United States

                                                /s/Craig H. Durham